# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

EDWARD OMARRAH, JR.

        Plaintiff,

v.                                            CIVIL ACTION NO.   2:20-cv-00255

DONNIE AMES,
Superintendent,

        Defendant.

## ORDER

Pending before the Court is Respondent Donnie Ames's (hereinafter referred to as "Respondent") Motion for Summary Judgment, (ECF No. 7), on Petitioner Edward Omarrah, Jr.'s (hereinafter referred to as "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 2). By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) On July 6, 2022, Magistrate Judge Tinsley filed a PF&R, (ECF No. 13), recommending that this Court grant Respondent's Motion for Summary Judgment, deny Petitioner's Petition for a Writ of Habeas Corpus, and dismiss this matter from the Court's docket. Objections to the PF&R were due on July 25, 2022. Petitioner filed an untimely objection to the PF&R on August 1, 2022.[1]  (ECF No. 14.)

---

[1] Failure to file timely objections to the Magistrate Judge's PF&R constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Nevertheless, Petitioner avers that the Mount Olive Correctional Complex—where Petitioner is currently incarcerated—was in "lock down status" for

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Petitioner asserts two objections in opposition to the magistrate judge's findings and recommendation.[2] (ECF No. 14.) First, Petitioner objects, in conclusory fashion, to the magistrate judge's finding that he has failed to present sufficient evidence or arguments supporting his Petition. (*Id.* at 2.) Second, without directing the Court to any supporting legal authority, Petitioner objects to the magistrate judge's "standing to determine this [] Court's decision to adjudicate the instant case." (*Id.*) However, neither of these objections offer any substantive discussion of the magistrate judge's PF&R. They are general, wholly conclusory, and do not

---

several days following a stabbing incident on July 14, 2020. (ECF No. 14 at 2.) The Court presumes that Petitioner inadvertently stated that the stabbing occurred in 2020, and instead intended to state that it occurred on July 14, 2022. Petitioner notes that the stabbing incident "caused a delay" in his ability to access the facility's law library to develop his objection to the PF&R. (*Id.*) Accordingly, the Court will consider Petitioner's objection as filed in a timely manner.

[2] Petitioner directs his objections toward Respondent, however, because Petitioner's pleadings are accorded liberal construction as a *pro se* litigant, the Court will presume that Petitioner's objections are directed toward Magistrate Judge Tinsley's PF&R.

point the Court to any particular error in the PF&R. Therefore, Petitioner's objections are not entitled to *de novo* review by this Court.

Accordingly, the Court **OVERRULES** Petitioner's general and conclusory objections, (ECF No. 14), **ADOPTS** the PF&R, (ECF No. 13), **GRANTS** Respondent's Motion for Summary Judgment, (ECF No. 7), **DENIES** Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 2), and **DISMISSES** this action from the docket of the Court.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2254 Petition and objections to the PF&R, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 28, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

4